## J. G. BOGARD *et al.* v. F. H. SWEET *et al.*

(Filed September 6, 1906.)

CANCELLATION—Proper, When.    Where S purchases from the state of Texas land in what is now Greer county, Oklahoma, and plats the same as a portion of the townsite of Mangum, and thereafter enters into a contract with certain persons for the establishment of a newspaper, wherein it is agreed that such persons shall form a corporation, and run said newspaper and sell S's townsite property, and collect certain notes held by him, paying two-thirds of all amounts received to said S, themselves retaining one-third; and where S, in pursuance of said contract, as a matter of convenience, executes and delivers to such persons a warranty deed to said land, and such corporation is never formed, but the project is abandoned, and the deed, together with the notes returned to S: Held: That S in such case is entitled to a decree cancelling such contract, and the deed executed thereunder.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*Shartel, Keaton & Wells* and *J. A. Powers,* for plaintiffs in error.

*Garrett & Garrett* and *Chas. M. Thacker,* for defendants in error.

## STATEMENT OF FACTS.

This was an action commenced in the district court of Greer county by H. C. Sweet and others, against J. G. Bogard *et al.,* for the cancellation of a deed to certain town lots in the city of Mangum, Greer county, and a certain contract made in connection therewith. A number of the defendants answered, disclaiming any interest in the property; and, the plaintiff having died, the action was revived in the name of the heirs. Judgment was rendered, cancelling the deed and contract as prayed for in the petition.

The record discloses that at a date when Greer county was claimed to be a part of and under the jurisdiction of the state of Texas, H. C. Sweet purchased the land in controversy from that state; and while claiming the same under such title, platted it into town lots which became, and were at the time of the action, a part of the townsite of the city of Mangum. H. C. Sweet, desiring to aid in the upbuilding of a newspaper and the town generally, entered into a contract with the defendants in error, and others, to allow the plaintiffs in error to sell his townsite property, and to collect certain notes which he then had, for property by him theretofore sold, the understanding and agreement being that in order to facilitate the business, the plaintiffs in error were to form a corporation for the purpose of running the newspaper and selling the real estate, it being agreed that the corporation should sell the property and collect the notes, and pay to Sweet two-thirds of the amount of the sales, and retain one-third thereof as their commission.

As a matter of convenience, in the carrying out of the contract, a deed was made by Sweet and wife to all of the

property. Afterwards an attempt was made to form the corporation. There being no law in Texas under which such a corporation could be formed, that portion of the scheme failed, and as shown by the record the project was dropped by almost all, if not entirely all of the parties connected therewith, and the deed, although recorded, was returned to Sweet, together with the notes.

Soon after, the decision was rendered by the supreme court of the United States, holding that Greer county did not belong to the state of Texas, but was a part of Oklahoma. Sweet, finding that his title from the state of Texas was of no validity, entered the land under act of congress approved January 18, 1897. The deed made by Sweet and wife to the company, however, having been recorded, constituted a cloud upon his title, hence this action to remove the same.

Opinion of the court by

PANCOAST, J., The contention of the plaintiffs in error is that the contract is one of monetary consideration, that mentioned in the deed being ten dollars, and that the title after acquired by Sweet from the United States should inure to the benefit of the grantees, and that there is no such case for equity as will warrant the court in cancelling the deed and contract. Very elaborate briefs have been filed, and the case has been argued upon numerous different grounds, many of which we think have no application to the facts in the case, or to any rule that should govern the court in its decision. In fact, many of the questions argued have served only to confuse the court in arriving at the real contention in the case.

The evidence abundantly shows that Sweet's purpose in making the contract was to aid in the upbuilding and ad-

vertising of the town generally, and the printing of a newspaper. In order to do this, he placed this property in the hands of the parties, in order that they might sell the same and receive compensation therefor. By this contract, the parties became his agents, and he was entitled to a reconveyance of all of the unsold property. All the contentions of Sweet were conceded by a large number of the persons interested. Some few, however, refused to reconvey, and set up claims to the property, but we cannot see upon what theory they can claim to be the owners of the property as against Sweet and his heirs.

There was a large number of lots transferred, and a large number of notes placed in the company's hands for collection. The consideration mentioned in the deed is ten dollars, a mere nominal sum. The amount they should receive as compensation was one-third of the sales and from collections. As testified to by some of the witnesses, they soon found that the expense of collecting the notes would be more than their fees, and they simply abandoned any attempt to carry out the provisions of the contract on their part. One of the parties testified he delivered the deed back to Sweet, all supposing that would be all sufficient.

There is nothing in the case that requires the application of any rule of law, other than those which the above statement justifies. There is absolutely no defense to this action, and the judgment of the trial court was certainly the correct one. Finding no error in the record, the judgment of the court below is affirmed.

All the Justices concurring.